IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Donald L. Bailey, et al.,

    Plaintiffs,

v.

Thomas J. Moyer, et al.,

    Defendants.

Case No. 2:05cv556

District Judge Michael H. Watson

## OPINION AND ORDER

### I. PROCEDURAL HISTORY

On June 6, 2005, Plaintiffs Donald L. Bailey, dba License Resque, and Leo Victor Savage (hereinafter collectively "Plaintiffs") filed a Complaint against Defendants Chief Justice Thomas J. Moyer and Justices Alice Robie Resnick, Paul E. Pfeifer, Terrence O'Donnell, Evelyn Lundberg Stratton, Maureen O'Connor and Judith Ann Lanzinger, all in their official capacity as Justices of the Ohio Supreme Court and individually (hereinafter collectively "Defendants") (Doc. 1) seeking the following relief:

1. a declaration Rule VII of the Rules for the Government of the Bar of Ohio (hereinafter "Rule VII) pertaining to the unauthorized practice of law is unconstitutional under the First and Fourteenth Amendments of the United States Constitution both on its face and as applied;

2. a temporary restraining order, preliminary injunction and a permanent injunction enjoining Defendants from disciplining Plaintiffs under and enforcing Rule VII;

3. a declaration that any and all statements by Plaintiffs are constitutionally

        protected speech for which Defendants may not sanction Plaintiff under Rule VII;

4. a temporary restraining order, preliminary injunction and a permanent injunction enjoining Defendants from imposing sanctions against Plaintiffs for that speech under Rule VII; and

5. expenses, cost and any other equitable or legal relief to which Plaintiffs are entitled.

Additionally, on June 6, 2005, Plaintiffs filed Memorandum of Law in Support of Complaint and Request for Evidentiary Hearing Under Loc. R. 7.1(b)(1). (Doc. 2)

On June 13, 2005, Defendants filed a Response in Opposition and Motion to Dismiss. (Doc. 9) Plaintiff filed a Second Memorandum of Law in Support of Temporary Restraining Order on June 15, 2005. (Doc. 10)

The Court conducted a hearing on Plaintiffs' request for a temporary restraining order on June 15, 2005.

II. **FACTS**

Plaintiff Donald L. Bailey is the owner and operator of License Resque. (Doc. 1, ¶1) Mr. Bailey is not admitted to the practice of law in Ohio. (Doc. 2, Exh. 9) Plaintiff Leo V. Savage is an employee of License Resque.[1] (Id.) License Resque is a business which provides information and services to individuals whose driving privileges are suspended in exchange for remuneration. (Doc.1, ¶5; Doc. 9)

---

[1] Mr. Savage is not named in the Complaint filed by the Cincinnati Bar Association. (Doc. 9) However, he was served with a subpoena by the Cincinnati Bar Association for the June 9, 2005 hearing. (Doc. 1, ¶1)

In 1997, the Cincinnati Bar Association began investigating Mr. Bailey for the unauthorized practice of law. (Doc. 9) On December 11, 2003, the Cincinnati Bar Association filed a Complaint against Mr. Bailey before the Board of Commissioners on the Unauthorized Practice of Law of the Supreme Court of Ohio (hereinafter "UPL Board"). (Doc. 2, Exh. 5) The matter was set for a hearing before a three-member panel of the UPL Board on June 9, 2005. (Doc. 1, ¶8) The hearing took place as scheduled.[2]

### III. STANDARDS OF REVIEW

#### A. Pro Se Litigants

The Court notes that, with respect to motions made pursuant to both Fed. R. Civ. P. 12(b)(1) and (6), the pleadings of a *pro se* litigant are held "to less stringent standards than formal pleadings drafted by lawyers...." *Haines v. Kerner,* 404 U.S. 519, 520 (1972). However, these "liberal pleading standards" are not without limits and even a *pro se* plaintiff must, in order to avoid dismissal, make allegations which can conceivably be read to state a claim upon which relief can be granted. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

#### B. Fed. R. Civ. P. 12(b)(1) - Subject Matter Jurisdiction

A plaintiff bears the burden of proving jurisdiction where subject matter jurisdiction is challenged under 12(b)(1). *Rogers v. Stratton Indus.,* 798 F.2d 913, 915 (6th Cir. 1986). In the context of a 12(b)(1) motion, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be

---

[2] The Court notes Mr. Bailey and counsel for Defendants made this representation at the June 15, 2005 hearing.

proved consistent with the allegations." *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984). Accordingly, a motion to dismiss, pursuant to 12(b)(1), will be granted only if, taking as true all facts alleged by the plaintiff, the Court is without subject matter jurisdiction to hear the claim.

    C.    <u>Fed. R. Civ. P. 12(b)(6) - Failure to State a Claim Upon Which Relief Can Be Granted</u>

A motion to dismiss under Rule 12(b)(6) requires this Court to construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief. *Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir.1990), *cert. denied*, 498 U.S. 867 (1990). "However, while liberal, this standard of review does require more than the bare assertion of legal conclusions." *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir.1995); *see also Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir.1986) ("It is not enough for a complaint . . . to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings.").

## IV. ANALYSIS

In *Younger v. Harris*, 401 U.S. 37, 45 (1971), the Supreme Court held a federal court should not enjoin a pending state criminal proceeding unless "the danger of irreparable loss is both great and immediate." (citations omitted). The Supreme Court extended its holding in *Younger* to "noncriminal judicial proceedings when important state interests are involved." *Middlesex County Ethics Comm. v. Garden State Bar*

*Ass'n,* 457 U.S. 423, 432 (1982) (citations omitted).

In *Middlesex*, a lawyer challenged disciplinary proceedings of the New Jersey Bar Association by filing suit in federal court, contending his First Amendment rights were violated. *Id.* at 427-29. In concluding the federal district court properly dismissed the case pursuant to the holding of *Younger*, the *Middlesex* Court set forth a three-part test for determining whether *Younger* abstention is applicable to state bar disciplinary hearings:

1. [D]o state bar disciplinary hearings within the constitutionally prescribed jurisdiction of the State Supreme Court constitute an ongoing state judicial proceeding;
2. [D]o the proceedings implicate important state interests; and
3. [I]s there an adequate opportunity in the state proceedings to raise constitutional challenges.

*Id.* at 432.

The Sixth Circuit examined the application of this three-part test to Ohio bar disciplinary action in *Berger v. Cuyahoga County Bar Association,* 983 F.2d 718 (6th Cir. 1993). In concluding the first prong was satisfied as the Ohio procedures are judicial in nature, the *Berger* court noted that "Ohio's constitution vests original jurisdiction in its supreme court over 'admission to the practice of law, the discipline of persons so admitted, and all other matter relating to the practice of law'...[ and t]hus, the proceedings are within the 'constitutionally-prescribed jurisdiction' of the Supreme Court of Ohio." *Id.* at 723 (citations omitted). Further, the *Berger* court stated, "the Ohio disciplinary proceedings are carried out by committees which are arms of the Ohio Supreme Court...[with t]he supreme court ultimately decid[ing] what discipline should be given." *Id.*

This conclusion is not altered by the fact Mr. Bailey is not an attorney licensed to practice in Ohio. See *Bailey v. Columbus Bar Ass'n*, 2001 U.S. App. LEXIS 24479 (6th Cir.) Implicit in the regulation of the practice of law must be the regulation of those individuals who are not licensed to practice law but, nonetheless, endeavor to engage in the practice of law. As stated by the Ohio Supreme Court in *Land Title Abstract Trust Co. v. Dworken*, 129 Ohio St. 23, 35 (1934) (citation omitted),

> Of what avail is the power to license in the absence of power to prevent one not licensed from practicing as an attorney? In the absence of power to control or punish unauthorized persons who presume to practice as attorneys and officers of this court the power to control admissions to the bar would be nugatory.

Turning to the second-prong, the *Berger* court concluded the regulation of the legal profession is of great importance to Ohio, noting the actions taken to protect Ohio's role in maintaining the integrity of its legal profession. *Berger*, 983 F.2d at 723. See also *Brown v. Ohio Disciplinary Counsel*, 2000 U.S. App. LEXIS 23662 (6th Cir.); *Harper v. Office of Disciplinary Counsel*, 1997 U.S. App. LEXIS 10610 (6th Cir.); *Baumgartner v. Murman*, 2003 U.S. Dist. LEXIS 26318 (N.D. Ohio).

With respect to the third-prong, the *Middlesex* court stated, "so long as the constitutional claims of respondents can be determined in the state proceedings and so long as there is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate, the federal courts should abstain." *Middlesex,* 457 U.S. at 435. In this matter, there is no question Plaintiffs are able to raise their constitutional challenges to Rule VII during the disciplinary proceedings. See *Brown*, 2000 U.S. App. LEXIS 23662 (6th Cir.); *Harper*, 1997 U.S. App. LEXIS 10610 (6th Cir.). Moreover, while Plaintiffs contend any constitutional

challenge before Defendants would be an exercise in futility, this Court is unable to agree. The Supreme Court of Ohio is faced with constitutional challenges on a daily basis including challenges to the rules governing the practice of law. See e.g. *Office of Disciplinary Counsel v. Gardner*, 99 Ohio St.3d 416 (2002) (In disciplinary action against attorney, Ohio Supreme Court considered attorney's argument that he could not violate DR 8-102(B) as his statements were federally protected free speech). As such, this Court cannot conclude that Plaintiffs' constitutional claims are unable to be determined in the disciplinary proceedings. Furthermore, Plaintiffs fail to allege specific facts showing bad faith and/or harassment on the part of Defendants.

Therefore, the holdings in *Younger* and *Middlesex* prohibit this Court from exercising its jurisdiction to afford Plaintiffs the injunctive and declaratory relief they seek. Accordingly, the June 13, 2005 Motion of Defendants to Dismiss (Doc. 9) is hereby **GRANTED**.

**IT IS SO ORDERED.**

/s/ Michael H. Watson
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT